T.C. Memo. 2019-91

UNITED STATES TAX COURT

JASON GEORGE DEMAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23461-17.                          Filed July 18, 2019.

Jason George DeMar, pro se.

<u>Samuel M. Warren</u> and <u>Robert D. Heitmeyer</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  The parties submitted this case fully stipulated under Rule

122.[1]  The issues remaining for consideration all turn on a single question:

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code (Code) in effect for the year in issue.

[*2] whether Mr. DeMar may claim his son TD[2] as a dependent for 2015. Because Mr. DeMar did not attach Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or a similar written declaration to his original 2015 Federal income tax return, he may not claim his son as a dependent for 2015.

## Background

Mr. DeMar is divorced and has one son, TD, with his ex-wife, Amanda Renee DeMar. TD was born in 2008. In 2010 Mr. and Ms. DeMar agreed to custody and child support terms in a consent judgment of divorce. In the judgment they established TD's primary residence with Ms. DeMar. They also agreed that Mr. DeMar was entitled to claim TD as a dependent for even-numbered years. For odd-numbered years Mr. DeMar was entitled to claim TD only if he stayed current with his child support obligations and Ms. DeMar's annual gross income was less than $15,000. If these conditions were met, Ms. DeMar agreed to execute Form 8332 or a similar written declaration.

Mr. DeMar timely filed Form 1040A, U.S. Individual Income Tax Return, for 2015 listing his earned income and adjusted gross income as $32,696 each. He also claimed TD as a dependent on that return, elected head of household status,

---

[2]The Court refers to minors by their initials. See Rule 27(a)(3).

**[\*3]** and claimed a dependency exemption deduction, the child tax credit, and the earned income tax credit. He claimed head of household filing status on the basis of having claimed a dependent. Mr. DeMar did not include Form 8332 or a similar written declaration with his 2015 return. His ex-wife claimed TD on her 2015 return and failed to timely execute Form 8332 or a similar written declaration.

On August 18, 2017, the Commissioner issued Mr. DeMar a notice of deficiency for his 2015 return. In the notice the Commissioner determined that TD was not Mr. Demar's dependent; disallowed the dependency exemption deduction, child tax credit, and earned income tax credit; adjusted his filing status from head of household to single; and adjusted the standard deduction accordingly.[3] After Mr. DeMar received the notice of deficiency, Ms. DeMar executed Form 8332 for 2015. While residing in Michigan, Mr. DeMar timely filed a petition challenging the Commissioner's determinations.

The parties jointly moved under Rule 122 to submit this case fully stipulated. The parties agreed that the case may be submitted on the basis of the

---

[3]The Commissioner also increased Mr. DeMar's income by $3,747 for cancellation of indebtedness. Mr. DeMar agreed to that adjustment.

**[\*4]** pleadings and the facts recited in their stipulation of facts. Mr. DeMar did not file a brief.

Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving an error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The submission of this case under Rule 122 does not alter the burden of proof. See Rule 122(b).

In this case the standard deduction, dependency exemption deduction, child tax credit, earned income tax credit, and head of household filing status are all affected by whether TD qualified as Mr. DeMar's dependent for 2015. See secs. 63(c)(2), 151(a), (c), 24(a), 32(c)(1)(A), (3), 2(b)(1).

Mr. DeMar was not entitled to claim TD as a dependent for 2015 because he did not satisfy the requirements established under section 152. For a noncustodial parent to claim a qualifying child as a dependent under section 152, (1) the custodial parent must sign a written declaration stating that he or she will not claim the child as a dependent and (2) the noncustodial parent must attach that declaration to his or her return. Sec. 152(e)(2). The necessary written declaration is commonly made on Form 8332. The parties do not dispute that Ms. DeMar was

**[*5]** the custodial parent and Mr. DeMar was the noncustodial parent.[4] Mr. DeMar did not receive Form 8332 or a similar written declaration from Ms. DeMar that she was releasing her rights to claim TD until 2017, after Mr. DeMar had already filed his 2015 return. Mr. DeMar argues he was entitled to claim TD as a dependent for 2015 because he and Ms. DeMar fulfilled the conditions in their judgment of divorce. But Mr. DeMar did not attach Form 8332 or a similar written declaration to his return, as explicitly required by the Code.

We need not reach the question of whether section 152(e)(2)(B) leaves room for a noncustodial parent to submit Form 8332 or a similar written declaration at some point after filing his or her original return. The current regulations do not explicitly allow (or prohibit) Form 8332 or a similar written declaration to be submitted during examination or with an amended return. Sec. 1.152-4, Income Tax Regs. A proposed regulation explicitly permits a noncustodial parent to submit Form 8332 or a similar written declaration during examination or with an amended return. Sec. 1.152-5(e)(2)(i), Proposed Income Tax Regs., 82 Fed. Reg. 6387 (Jan. 19, 2017). But that regulation requires that the custodial parent either did not claim the dependency exemption or filed an

---

[4]A custodial parent is "the parent having custody for the greater portion of the calendar year." Sec. 152(e)(4)(A).

**[\*6]** amended return removing the claim to the dependency exemption.  <u>Id.</u>  We have no such facts in the record.

<u>Conclusion</u>

Because Mr. DeMar may not claim TD as his dependent for 2015, he is not entitled to the dependency exemption deduction, the child tax credit, the earned income tax credit, and head of household filing status for 2015.  Being ineligible for head of household filing status, Mr. DeMar should properly have filed as single for 2015.  It also follows that we must uphold the Commissioner's adjustments to Mr. DeMar's standard deduction.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.